Revised April 22, 1999

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 98-50359
_____


KELLY HEIDTMAN; ET AL,

                                                    Plaintiffs,

KELLY HEIDTMAN; SUSIE GAINES-CHARSKE; JAMES A. HICKS; MARY LOU
    GALLEGOS; JOSE M. SIERRA; JUTTA MATALKA; LESLIE RAYBURN,

                                          Plaintiffs-Appellees,

                        VERSUS


            COUNTY OF EL PASO; CITY OF EL PASO,

                                          Defendants-Appellants.


_____

            Appeal from the United States District Court
                for the Western District of Texas
_____
                        April 21, 1999

Before GARWOOD, DAVIS, and DeMOSS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

        The City of El Paso and the County of El Paso challenge the

judgment entered against them and in favor of their employees for

violations of the Fair Labor Standards Act.  For the most part, we

affirm the judgment of the district court.  However, we reverse the

district court's 50 percent enhancement of the attorney's fees

lodestar award.

                              I.

    Plaintiffs-Appellees Kelly Heidtman, Susie Gaines-Charske,

James Hicks, Mary Lou Gallegos, Jose Sierra, Jutta Matalka, and Leslie Rayburn were employees of the El Paso Convention and Visitors Bureau ("CVB"), a joint operation of Defendants-Appellants the City of El Paso and the County of El Paso.[1]  Five of the Appellees were employed to attract certain categories of visitors or events to the El Paso area: Rayburn and Heidtman (conventions); Matalka (tourists); Hicks and Heidtman (sporting events and corporate meetings); and Gaines-Charske (movies).  In addition, Sierra worked with Gaines-Charske by finding and photographing possible film locations and by helping film crews locate the settings they desired.  Gallegos was the liaison between CVB's advertising agency and CVB employees needing magazine advertisements for their services.  The City employed Heidtman and Hicks and the County employed Sierra, Gaines-Charske, Matalka, Gallegos, and Rayburn.

All seven Appellees were categorized by their respective employers as employees exempt from the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19.  Appellees were therefore not granted overtime compensation for hours worked in excess of forty hours per week as required by the FLSA.  Appellees sued the County of El Paso in state court for unpaid overtime compensation, alleging that they were incorrectly categorized as exempt employees.  The City of El Paso was joined and the case was removed

---

[1]    Originally, there were nine Plaintiffs.  However, Plaintiffs Ana Whited and William Sparks have been dismissed as parties to this appeal by Appellant County of El Paso.

to federal district court, where it was tried before a jury.  The jury returned a verdict for Appellees on all issues.  The district court then entered a judgment on the jury's verdict.  In addition, the district court awarded Appellees liquidated damages and substantial attorney's fees.  The City and County now appeal.

## II.

### A.

Appellants argue first that the district court abused its discretion in excluding Appellants' expert witnesses as a discovery sanction for Appellants' failure to timely disclose their expert witnesses as required by the Federal Rules of Civil Procedure, a Local Rule of the Western District of Texas, and the scheduling order.

Under Federal Rule of Civil Procedure 37(c)(1), "A party that without substantial justification fails to disclose information required by Rule 26(a) [(which includes the expert witness disclosure requirements)] or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."  See also Barrett v. Atlantic Richfield Co., 95 F.3d 375, 380 (5th Cir. 1996) (providing four-part test, based on Rule 37, for reviewing exclusion of expert witnesses).  Appellants provided no explanation for their actions.  Therefore, under Rule 37 and Barrett, the district court clearly did not abuse its discretion by excluding the testimony of Appellants' experts.

In addition, Appellants failed to proffer any of the expert

3

witness testimony or the expert witness reports into the record. Without such proffers indicating what testimony the experts would have provided, Appellants cannot demonstrate that the district court's exclusion of the testimony affected their substantial rights.  See Fed. R. Evid. 103(a)(2); Petty v. IDECO, Division of Dresser Industries Inc., 761 F.2d 1146, 1151 (5th Cir. 1985).  For these reasons, we reject Appellants' argument that the district court abused its discretion in excluding the testimony.

### B.

Appellants next contend that the district court erred in failing to find that Appellees were exempt from the FLSA as a matter of law.  In support of this argument, they rely primarily on Appellees' job descriptions.  After reviewing the record, we conclude that there is ample support for the jury's finding that Appellants were not exempt employees.

Appellants argue that Appellees were exempt from FLSA coverage as a matter of law under the bona fide administrative employee exemption.  They focus primarily on the "short test" for the administrative employee exemption.  Under the short test, the administrative employee exemption is correctly applied if: (1) the employee has a salary of more than $250 per week; (2) the employee's primary duty[2] is performing office work or nonmanual

---

[2]  The version of the short test Appellants rely on provides "50 percent of his time" instead of "his primary duty."  For the purpose of this appeal, this difference--if any--is not relevant, as the focus here is primarily on the "discretion and independent judgment" prong of the short test.

work directly related to management policies or general business operations; and (3) the employee exercises discretion and independent judgment. <u>Reich v. John Alden Life Ins. Co.</u>, 940 F. Supp. 418, 421 (D. Mass. 1996). This appeal focuses primarily on the third prong, whether Appellees exercised discretion and independent judgment.[3]

Appellants rely on the job descriptions they prepared for Appellees to demonstrate that Appellees were required to exercise discretion and independent judgment to perform their jobs. Appellant County of El Paso, however, does not point to any specific aspects of the job descriptions that require independent judgment, nor does the County point to any specific instance in which any of their employees exercised discretion or independent judgment.

In contrast, Appellant City of El Paso points to specific aspects of the job descriptions of its employees--Hicks and Heidtman--to support its position that these employees exercised discretion and independent judgment. The City quotes Hicks's and Heidtman's job descriptions, which state in part that Hicks and Heidtman were to "[i]nitiate sales contacts . . . answer and respond to inquiries . . . [by] developing lists of prospective clients; contacting . . . clients to solicit business; preparing and participating in bid proposals and presentations; . . .

---

[3] There is also disagreement as to whether Appellees performed work related to general business operations. However, we do not enter this dispute, as our conclusions concerning the third prong render analysis of the second prong unnecessary.

5

[r]epresent the City of El Paso . . . [by] attending and participating in professional organizations, industry trade shows, meetings and seminars." In addition, the City points to trial testimony of Heidtman in which she stated that she used "judgment" in at least one aspect of her job.

In response to Appellants' arguments, Appellees point to their testimony denying that they exercised significant discretion and independent judgment in their jobs. For example, Heidtman testified that much of her time was merely spent on the phone determining whether an organization that might be interested in coming to El Paso wanted information or brochures on the city. Heidtman also testified that when she was at a convention, she could take potential clients out for a meal. However, prior to such a meal, she needed to obtain the approval of her superior. In addition, Appellees' expert witness, Joseph Wysong, testified in detail about the minimal discretion some of the Appellees exercised. He concluded that this discretion fell far short of that required under the FLSA's administrative employee exemption. Wysong's testimony was based both on his past experience and on the relevant regulations interpreting the FLSA.

One of the regulations interpreting the FLSA, 29 C.F.R. § 541.207, defines and explains discretion and independent judgment. The regulation states that these terms indicate that "the person has the authority or power to make an independent choice, free from immediate direction or supervision and with respect to matters of significance." 29 C.F.R. § 541.207(a). Moreover, in order to

6

qualify for the administrative employee exemption, an employee must be required to exercise discretion and independent judgment "customarily and regularly." 29 C.F.R. § 541.207(g). An employer claiming an exemption bears the burden of proving that the exemption claimed is valid. <u>Blackmon v. Brookshire Grocery Co.</u>, 835 F.2d 1135, 1137 (5th Cir. 1988).

We conclude that the jury's finding that Appellees did not, customarily and regularly, exercise discretion and independent judgment is supported by the record. Most of Appellees' employment actions were mechanical, rather than discretionary, in nature. For most Appellees, considerable time was spent simply compiling names of prospects to complete their databases, calling prospects in these databases, and sending them brochures. The jury was entitled to find that any significant decision required the approval of a superior. Also, most of Appellees' jobs were equivalent to sales positions, and sales jobs are not exempt from FLSA coverage. 29 C.F.R. § 541.205(a). Because the jury's findings are supported by the record, the district court did not err in denying Appellants' motions for judgment as a matter of law.

## III.

Appellants next argue that the district court abused its discretion in awarding Appellees liquidated damages.

Under the FLSA, liquidated damages are to be awarded unless the employer demonstrates that it acted reasonably and in good faith. 29 U.S.C. § 260. Even if the district court determines that the employer's actions were taken in good faith and based on

reasonable grounds, the district court still retains the discretion to award liquidated damages.  Id.; Lee v. Coahoma County, Mississippi, 937 F.2d 220, 227 (5th Cir. 1991).

In this case, the district court made a factual finding that "Defendants suspected that they were not in full compliance with the FLSA."  In light of the record, we conclude that this finding was not clearly erroneous.  Because employers cannot act in good faith based on reasonable grounds when they suspect that they are out of compliance with the FLSA, it would have been an abuse of discretion if the district court had not awarded liquidated damages.  See, e.g., Barcellona v. Tiffany English Pub, Inc., 597 F.2d 464, 468-69 (5th Cir. 1979).  Therefore, the award of liquidated damages is affirmed.[4]

IV.

The district court awarded attorney's fees to Appellees' counsel using a lodestar approach.  The district court then enhanced the lodestar by 50 percent because of the "exceptional

---

[4] In setting forth the legal standards on which it based its decision to award liquidated damages, the district court stated, "a lack of good faith is only shown when an employer '"knew or suspected that [its] actions might violate the [Act] . . . ."' Reeves v. Int'l Telephone & Telegraph Corp., 616 F.2d 1342, 1353 (5th Cir. 1980) (quoting Coleman v. Jiffy June Farms, 458 F.2d 1139, 1142 (5th Cir. 1972))."  The district court's reliance on Reeves and Jiffy June is misplaced.  The Supreme Court has specifically overruled Jiffy June, and in doing so implicitly overruled Reeves.  McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133-34, 108 S. Ct. 1677, 1681, 100 L. Ed. 2d 115 (1988).  The district court's reference to this outdated standard, however, does not affect our conclusion.  As we explain in the text, the district court's well-supported factual finding clearly requires an award of liquidated damages.

circumstances in this case includ[ing] time limitations, complexity of issues, results obtained, and preclusion of other employment by the attorney." Appellants challenge this enhancement, contending that the district court committed legal error and abused its discretion. We agree with Appellants that the 50 percent enhancement was not warranted.

This Court uses the "lodestar" method to calculate attorney's fees. Fender v. Zapata Partnership, Ltd., 12 F.3d 480, 487 (5th Cir. 1994). A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. Shipes v. Trinity Industries, 987 F.2d 311, 319-20 (5th Cir. 1993). After making this calculation, the district court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).[5] The lodestar may not be adjusted due to a Johnson factor, however, if the creation of the lodestar award already took that factor into account. Shipes, 987 F.2d at 319-20. Such reconsideration is impermissible double-counting. Id.

Here, the district court justified the lodestar enhancement

---

[5] The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. 488 F.2d at 717-19.

because of "time limitations, complexity of issues, results obtained, and preclusion of other employment by the attorney." The Supreme Court, however, has stated that two of the <u>Johnson</u> factors considered by the district court, "complexity of the issues" and "results obtained," are "presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award." <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 565, 106 S. Ct. 3088, 3098, 92 L. Ed. 2d 439 (1986). Thus, in <u>Shipes</u>, this Court held that enhancement based on "complexity of the issues" and "results obtained" is only appropriate in "rare and exceptional circumstances" and must be supported by both specific evidence in the record and detailed findings by the lower court. 987 F.2d at 319-22 & n.9. Such specific evidence and detailed findings are not present here.

The question then remains as to whether the two other justifications--"time limitations" and "preclusion of other employment by the attorney"--are sufficient to justify the enhancement. In <u>Shipes</u>, this Court observed that "preclusion of other employment" is generally subsumed within the lodestar amount. 987 F.2d at 321-22. Appellees provide no reason why that is not the case here. Therefore, the sole remaining justification for the enhancement is the time limitations in this case.

The district court provides no explanation as to why the time limitations in this case mandate an enhancement. It is true that this case was tried in a relatively short period of time for a

civil proceeding. Specifically, this case took slightly less than eight months from the filing of the complaint until the entry of judgment. Over those eight months, however, Appellees' counsel spent only 244.75 hours on this case. Eighty-nine of these hours were spent in the three weeks leading up to trial. Thus, excluding from consideration this pretrial "crunch," which would have been present even if the case had been tried on a much slower schedule, counsel spent little more than twenty hours per month on this case. That amount of effort does not support an enhancement due to time limitations.

In light of the strong presumption that the lodestar award is the reasonable fee, there is simply not enough evidence to justify an enhancement on time limitations alone. See City of Burlington v. Dague, 505 U.S. 557, 562, 112 S. Ct. 2638, 2641, 120 L. Ed. 2d 449 (1992) (holding that the fee applicant bears the burden of showing that an enhancement is necessary to the determination of a reasonable fee). For these reasons, we conclude that the district court erred in enhancing the lodestar.

## Conclusion

The district court acted well within its discretion in excluding the testimony of Appellants' expert witnesses. Moreover, the district court correctly ruled that the CVB employees were not exempt from the FLSA as a matter of law. In addition, the district court's factual findings support its award of liquidated damages.

We agree with Appellants, however, that the district court's 50 percent enhancement of the attorney's fees lodestar award was

not warranted.  We therefore vacate the enhancement and remand this case to the district court so that judgment may be entered consistent with this opinion.

AFFIRMED in part, VACATED in part, and REMANDED.