IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50824
_____

DEBORAH D'ANNUNZIO & STEPHEN DENUNZIO,

Plaintiffs-Appellants.

versus

BAYLOR UNIVERSITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 97-CV-278
_____

August 23, 1999

Before JONES and WIENER, Circuit Judges, and LITTLE*, District
Judge.

PER CURIAM:**

     After full record review, we find that the challenges to the
jury instructions given in the matter involving Deborah D'Annunzio
do not create a substantial and ineradicable doubt that the jury
was properly guided in its deliberations.  See Mooney v. Aramco
Services, Inc., 54 F.3d 1207, 1216 (5th Cir. 1995).

_____

*District Judge of the Western District of Louisiana, sitting by designation.

**Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is notprecedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

The trial court dismissed the claim of Stephen DeNunzio under Federal Rules of Civil Procedure Rule 50(a). We review a Motion for Judgment as a Matter of Law de novo. We have, as is required, reviewed the entire record in the light most favorable to the non-movant and have drawn all inferences in his favor. Nero v. Industrial Molding Corp., 167 F.3d 921, 925 (5th Cir. 1999; Omnitech International, Inc. v. The Clorox Corp., 11 F.3d 1316, 1322 (5th Cir. 1994). The district court's resolution is correct. Mr. DeNunzio offered no evidence that he had filed any proceedings with the Department of Labor prior to his discharge. Moreover, Mr. DeNunzio did not present evidence that any of his supervisors knew of the dissatisfaction with employment conditions that was harbored by his wife. Evidence of retaliatory discharge is absent.

The finding by the trial court that Baylor was in good faith and had reasonable grounds to classify Deborah D'Annunzio as an employee exempt from FLSA coverage was not clearly erroneous. See Lee v. Coahoma County, Mississippi, 937 F.2d 220, 226-27 (5th Cir. 1991); see also Heidtman v. County of El Paso, 171 F.3d 1038, 1038 (5th Cir. 1999). Baylor submitted more than adequate evidence in support of its good faith defense. In particular, the testimony of Bill Dube and Claude Ervin when coupled with the audit by the Office of Federal Contract Compliance Programs, which found no fault with the Baylor administration, are indeed supportive of the district judge's decision. The judge did not abuse his discretion

2

in refusing to award liquidated damages. Id. Therefore, we affirm the denial of D'Annunzio's claim for liquidated damages.

We find no abuse of discretion in the trial court's evidentiary ruling that excluded the in globo Department of Labor files. Johnson v. Ford Motor Co., 988 F.2d 573, 578 (5th Cir. 1993). The files, which were never proffered when the admission was denied, were voluminous and may have contained inadmissible components. The trial judge invited the attorney to harvest the admissible and relevant documents from the file and offer the product of that exercise. The attorney for the plaintiff did not accept the invitation. In light of the foregoing, the judge's exclusion of the entire file was not erroneous. McClure v. Mexia Independent School District, 750 F.2d 396, 401-02 (5th Cir. 1985); Shumate & Co. v. National Association of Securities Dealers Inc., 509 F.2d 147, 155 (5th Cir. 1975). Likewise, the district judge did not abuse his discretion in excluding D'Annunzio's testimony concerning the amount of her overtime damages. See Allread v. City of Grenada, 988 F.2d 1425, 1435-36 (5th Cir. 1993).

Analysis by the district court of the facts considered when making an attorney's fees award facilitate review on appeal. When, as here, the record sufficiently reflects the data submitted and considered by the court prior to its ruling, we find no error. The plaintiff's motion for fees was not supported by a detailed brief but was bottomed on an affidavit of the plaintiff's attorney and a log of legal services performed. The brief in response from the

defendant's counsel was replete with citations, including the factors to be considered when awarding reasonable attorney fees in a FLSA matter. The decision of the trial judge followed the filings from the lawyers. There is no evidence that the trial judge did not consider the cogent filings that preceded his decision. In this case, it is unnecessary to remand the attorney's fees issue for specific findings by the district court. See Riley v. City of Jackson, Mississippi, 99 F.3d 757, 760 (5th Cir. 1996).

Accordingly, the judgments of the district court are AFFIRMED.

4