**Sarah CAMPBELL and All Other Heirs at Law of John A. Campbell, Deceased, Plaintiffs,**

v.

**Malcolm McMILLIN, Sheriff of Hinds County, Mississippi; Ronnie Chappell, President, Board of Supervisors of Hinds County, Mississippi; Ruth Wyatt; Timothy D. Estes, M.D.; Mary Ester Pearson; Alice Luckett; and Charlene Newman, Defendants.**

No. Civ.A. 3:98–CV–122BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

Feb. 11, 2000.

---

Beverly D. Poole, Percy S. Stanfield, Jr., Stanfield, Hall & Poole, PLLC, Jackson, MS, for Sarah Campbell.

J. Lawson Hester, Jack Robinson Dodson, III, Watkins Ludlam Winter & Stennis, P.A., Jackson, MS, for Malcolm E. McMillin, Ronnie Chappell.

J. Lawson Hester, Watkins Ludlam Winter & Stennis, P.A., Jackson, MS, for Ruth Wyatt, Alice Lucket, Charlene Officer, Hinds County Detention Center.

Mark P. Caraway, Wise, Carter, Child & Caraway, Jackson, MS, for Timothy D. Estes.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on two motions. The first is the Defendants' Motion for Summary Judgment and Motion to Strike Plaintiffs' Amended Designation of Expert Witnesses. The second motion considered by the Court is the Motion for Summary Judgment by Defendant Timothy D. Estes, M.D. Having considered the Motions, Responses, supporting and opposing authority, and all attachments to each, this Court finds that both Motions are well taken and should be granted.

### I.  *BACKGROUND*

The subject cause of action was initiated by the filing of a Complaint with this

Court on February 9, 1998. An Amended Complaint was filed on February 22, 1999. The Amended Complaint alleges that Defendants wrongfully caused the death of John A. Campbell by failing to provide adequate medical care for him. The cause of action is based on a denial of Campbell's rights secured by the Eighth Amendment to the United States Constitution, under 42 U.S.C. § 1983.

John Campbell was in the custody of the Hinds County Correctional facility during the time period which forms the basis of Plaintiffs' cause of action. Campbell was incarcerated at the Hinds County Detention Center on February 3, 1995. He suffered from heart problems which necessitated prescription medication. The policy of the Detention Center at that time prohibited inmates from bringing their personal supply of prescription medication into the jail. Until the medical personnel for the Detention Center prescribed Campbell medicine for his heart condition, Campbell was without medication. The period over which Campbell went without medication was two to three days.[1] On February 10, 1995, Campbell died of cardiovascular failure.

On July 9, 1999, a Case Management Plan and Scheduling Order was entered which set a deadline of September 3, 1999, for designation of expert witnesses by Plaintiffs. On September 3, 1999, Plaintiffs served a pleading on Defendants that designated two experts: Eric M. Dyess, M.D., and Michael H. Albert, M.D. The designation included neither any reports nor all of the information required by Federal Rule of Civil Procedure 26(a)(2) and Uniform Local Rule 26.1(A)(4). On September 30, 1999, Plaintiffs filed a Motion for Enlargement of Time Within Which to Designate Expert Witnesses. Within the Motion, Plaintiffs stated that although Dyess originally indicated that he would testify for Plaintiffs, he informed Plaintiffs

on September 29, 1999, that he no longer intended to testify. In an Order dated October 7, 1999, United States Magistrate Judge Alfred Nicols granted Plaintiffs until November 1, 1999, to designate expert witnesses. In the October 7, 1999, Opinion and Order, Judge Nicols stated "failure to serve a **complete** designation by the date set forth below will likely result in an Order striking any experts that the Plaintiff has attempted to designate and precluding her from offering any expert testimony at trial." *See* Opinion and Order dated October 7, 1999 (emphasis in original).

On October 28, 1999, the Plaintiff's Amended Designation of Expert Witness was filed with the Court. In an effort to comply with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, Plaintiffs submitted to the Defendants a one page document which was purportedly an expert's report. The report, which was authored by John J. Murray, M.D., contains a *brief* and unsupported summary of Dr. Murray's conclusions concerning the cause of death of Campbell. The Plaintiffs contend that the document is a sufficient disclosure of expert testimony under Rule 26. Arguing that the report was inadequate under the standards of Rule 26, the Defendants submitted a Motion Strike the Designation of Expert Witness. This Motion and the Defendants' Motion for Summary Judgment were filed with the Court as a single document on December 20, 1999. Also filed on December 20, 1999, was the Motion for Summary Judgment by Defendant Timothy D. Estes, M.D. All of these motions are now ripe for consideration.

## II. *Analysis*

### (A) Motion to Strike the Amended Designation of Witness

The Federal Rules of Civil Procedure outline the procedures which litigants must follow in designating expert witnesses.

---

1. The parties dispute the time period over which Campbell was deprived medication. The Plaintiffs allege that the period was three days while the Defendants contend that Campbell went without needed medication for two days.

The disclosure of expert witnesses "shall be made at the times and in the sequence directed by the court." Fed.R.Civ.P. 26(a)(2)(C). If the deadline for expert designation has passed and the delay in disclosure of the expert is caused by excusable negligence, the court may grant a time extension for expert designation. Fed. R.Civ.P. 6(b). The time extension will be granted upon a showing of good cause. Unif. Local R. 26.1(A)(4). The disclosure of expert testimony shall be accompanied by a written report prepared and signed by the expert. Fed.R.Civ.P. 26(a)(2)(B).

Based on the Federal Rules of Civil Procedure 6 and 26, and on Uniform Local Rule 26.1, this Court will analyze whether the expert designation of Plaintiffs' witness John Murray should be stricken. The analysis includes two steps. First, the Court will consider whether the expert designation and disclosure of the expert's report was adequate under Rule 26. Second, if a determination is made that the designation and/or disclosure was inadequate, the Court must then consider whether the inadequacy was excusable.

### (1) Whether the expert designation and disclosure of expert's report was adequate under Rule 26.

Regarding information required in the expert's report, Rule 26 states in relevant part:

The report shall contain [1] a complete statement of all opinions to be expressed and the basis and reasons therefor; [2] the data or other information considered by the witness in forming the opinions; [3] any exhibits to be used as a summary of or support for the opinions; [4] the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; [5] the compensation to be paid for the study and testimony; and [6] a listing of

any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Fed.R.Civ.P. 26(a)(2)(B).

■ The first and most important element of the Rule 26 analysis is whether the report prepared by Murray contains a complete statement of his opinions and the basis for his opinions. As set forth in both the Federal Rules of Civil Procedure and case law, an expert's report must be "detailed and complete" in order to "avoid the disclosure of 'sketchy and vague' expert information." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 571 (5th Cir.1996) (citing Fed. R.Civ.P. 26 Advisory Committee Notes). As a sanction for failure to comply with Rule 26(a), the offending party may be prohibited from using the evidence in question at trial.[2] *Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir.1999) (citing Fed.R.Civ.P. 37(c)(1)).

■ In the case *sub judice*, the Rule 26 requirement of a "detailed and complete" report is not met. The brief four-paragraph report of Murray consists of conclusory unsupported allegations. The opening paragraph of Murray's report states "[t]he following is a *summary* of my *initial conclusions* regarding this case." *See* Plaintiff's Response to Defendant Estes' Motion for Summary Judgment, Exhibit "F." (emphasis added). The following paragraph states "[t]he abrupt discontinuation of any of these medications *could* result in severe life threatening consequences." *Id.* (emphasis added). The conclusion of the third paragraph of Murray's report reads "[t]here were numerous clinical findings as well as laboratory results described in the records *suggesting* worsening of these [heart] problems (although I do not feel that I have been provided with all the laboratory results). Any or all *could have* contributed to Mr. Campbell's

---

**2.** This severe sanction can be avoided if the offending party has substantial justification for the inadequate disclosure and/or expert designation. Fed.R.Civ.P. 37(c)(1). Whether the Plaintiff was justified in providing an inadequate expert designation is considered *infra*.

death." *Id.* (emphasis added). No basis or reasoning for Murray's opinions are stated in the expert's report. Furthermore, Murray provides no summary of the data upon which he allegedly relied in forming his unclear opinions. For these reasons, the Court finds that the expert's report of Murray is inadequate with respect to the requirements of Rule 26(a)(2)(B).

The second requirement of an expert's report under Rule 26(a)(2)(B) is that the data or information considered by the expert in forming the opinions must be included in the report. To the extent that Murray states that his opinion is based on a review of Campbell's medical records, this requirement is met. However, no data and information regarding the conclusions drawn from Murray's review of the records is included in the report. Murray merely states conclusory allegations without providing the basis for his opinions. Overall, the Court finds that the expert's report fails to meet the second requirement of Rule 26(a)(2)(B).

The third Rule 26(a)(2)(B) requirement, the production of any exhibits to be used as a summary of or support for the opinions, is not met. No summaries or exhibits were provided to the Defendants. The fourth requirement mandates the expert to provide a list of his qualifications, including a list of all publications authored by the expert within the preceding ten years. This requirement was not met. Fifth, Rule 26(a)(2)(B) requires the disclosure of compensation paid to the expert for his services. This requirement was not met. Sixth and finally, the expert must provide a listing of cases in which he has testified as an expert at trial or by deposition within the past four years. This requirement was not met.

Based on an analysis of both Federal Rule of Civil Procedure 26 and applicable case law, this Court finds that the expert designation and disclosure of the expert's report were deficient. Therefore, unless the Plaintiffs can come forward with an excusable reason for the inadequacies, the use of Murray as an expert witness at trial should be barred. *See* Fed.R.Civ.P. 37(c)(1).

**(2) Whether the inadequacy in the expert's report was excusable.**

■ The "Background" section of this Opinion and Order detailed the procedural maneuvering of the parties with regard to Plaintiffs' designation of experts. *See supra*, section "II" of this Opinion and Order. In short, Plaintiffs were given a *second* opportunity to properly designate experts in an Order dated October 7, 1999. The Order stated "failure to serve a **complete** designation by the date set forth below will likely result in an Order striking any experts that the Plaintiff has attempted to designate and precluding her from offering any expert testimony at trial." *See* Opinion and Order dated October 7, 1999 (emphasis in original). The Plaintiffs failed to comply with the explicit requirements of the October 7, 1999, Order. No reason for the inadequacy is stated in the Plaintiffs' Response to the Motion to Strike Plaintiffs' Amended Designation of Expert Witnesses. Therefore, by the power afforded this Court in Federal Rule of Civil Procedure 37(c)(1) the Plaintiffs should be sanctioned for the discovery violation. The expert designation of John J. Murray will be stricken and the Plaintiffs will be barred from offering his testimony at trial.

**(B) Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure states in relevant part that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The United States Supreme Court held that this language "mandates the entry of summary judgment, after adequate time for discov-

ery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 549 (5th Cir.1989); *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. The movant need not, however, support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323–324, 106 S.Ct. 2548. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. 2548.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. The district court, therefore, must not "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." *Kennett–Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is improper where the court merely believes it unlikely that the non-moving party will prevail at trial. *National Screen Serv. Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir.1962).

■ To state a claim for a civil rights violation resulting from delayed medical attention, a plaintiff must demonstrate that the injured party suffered substantial harm resulting from the delay. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) (citations omitted). "In all but simple and routine cases ... it is necessary to establish medical causation by expert testimony." *Cole v. Superior Coach Corp.*, 234 Miss. 287, 106 So.2d 71, 72 (1958).

■ In the case *sub judice*, the Plaintiffs' only designated medical expert is John Murray. As analyzed above, the Plaintiffs will be precluded from presenting Murray's expert testimony regarding the relationship between the deprivation of medication to Campbell and the death of Campbell. Without such evidence, a causal link between Campbell's death and any action and/or inaction by the Defendants cannot be proven. Therefore, no genuine issue of material fact exists and the Court should grant summary judgment in favor of the Defendants.

### III. *CONCLUSION*

For all of the reasons stated in this Opinion and Order:

IT IS THEREFORE ORDERED that the Motion for Summary Judgment of Defendants McMillin, Chappell, Wyatt, Luckett and Newman [60–1] is well taken and is hereby granted.

IT IS FURTHER ORDERED that Motion to Strike Plaintiffs' Expert Designation of Defendants McMillin, Chappell, Wyatt, Luckett and Newman [60–2] is well taken and is hereby granted.

IT IS FURTHER ORDERED that Motion for Summary Judgment of Defendant Estes [61–1] is well taken and is hereby granted.

A separate Final Judgment will be entered this day finally dismissing this case with prejudice.