Mary **VERZWYVELT** and
Steven Verzwyvelt,

v.

**ST. PAUL FIRE & MARINE INSUR-ANCE COMPANY and Great American Insurance Company.**

No. 99–2364–A.

United States District Court,
W.D. Louisiana,
Alexandria Division.

Sept. 27, 2001.

G. William Jarman, Shannan Sweeney Rieger, Mathile W. Abramson, Gayla M. Moncla, Linda G. Rodrigue, Kean, Miller, et al., Baton Rouge, LA, for Plaintiffs.

Daniel J. Balhoff, John W. Perry, Robert J. Burns, Atkinson, Perry, et al., Baton Rouge, LA, for St. Paul Fire & Marine Insurance Company.

James K. Carroll, Richard A. Fraser, III, Gelpi, Sullivan, et al., New Orleans, LA, Pamela L. Schultz, Frilot, Partridge, et al., New Orleans, LA, for Great American Insurance Company.

LITTLE, Chief Judge.

## I. MEMORANDUM RULING

Before this court is plaintiffs' Motion in Limine [Doc. No. 55] requesting the following: (1) that we strike the designation by defendant, Great American Insurance Company ("Great American"), of Dr. Randall Phebus ("Phebus") as an expert witness; and (2) to preclude Great American from eliciting any expert testimony from Phebus. Defendant filed an opposition to this motion, and plaintiffs filed a reply. For the following reasons, the plaintiff's motion is DENIED.

## II. FACTUAL BACKGROUND

On 4 May 2000, this court issued a scheduling order, which required defendant to submit its list of expert witnesses on or before 19 December 2000. On 19 December 2000, defendant submitted its list of expert witnesses, and the list included Phebus's name. This court also required the parties to provide expert reports on or about 13 April 2001. On 12 April 2001, defendant submitted its expert reports to plaintiffs, but failed to include an expert report from Phebus. On 2 May 2001, defendant filed its final witness list, which indicated that Phebus would testify as an expert regarding the testing and corresponding results of such testing of certain meat products manufactured by Thorn Apple Valley, Inc., but plaintiffs never received the type of expert report from Phebus mandated by Rule 26(a)(2) of the Federal Rules of Civil Procedure ("FRCP"). Finally, on 21 August 2001, defendant filed a Motion to Supplement Phebus's expert reports.

## III. LAW AND ANALYSIS

Plaintiffs move this court to sanction defendant under Rule 37 of the FRCP by excluding or limiting the expert testimony of Phebus because defendant neglected to furnish Phebus's written, expert report in a timely manner, thereby violating this court's pretrial orders and Rule 26(a)(2) of the FRCP.

In a civil case, a party must disclose the identity of any person who may present expert testimony at trial. *See* Fed.R.Civ.P. 26(a)(2)(A). If a party has retained or specially employed a witness to provide expert testimony in a case, or if the expert witness' duties as an employee of the party regularly involve giving expert testimony, the party must also deliver to the other party a written report, prepared and signed by the expert witness, that discloses certain information about the witness and his testimony. *See* Fed.R.Civ.P. 26(a)(2)(B); *see also Sierra Club v. Cedar Point Oil Co.,* 73 F.3d 546, 571 (5th Cir.1996). The district court may regulate the timing and sequencing of disclosure, *see* Fed.R.Civ.P. 26(a)(2)(C), and may enter a scheduling order that establishes deadlines for compliance with the order. *See* Fed. R.Civ.P. 16(b)(14). Absent directions from the court or the parties' stipulation, however, the party must make these disclosures at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party in its expert witness report, within 30 days after disclosure made by the other party. *See* Fed.R.Civ.P. 26(a)(2)(C).

Plaintiffs maintain that defendant has never submitted, or attempted to submit, the required expert reports from Phebus, which would be a clear violation of this court's pretrial order and FRCP 26(a)(2). In response, defendant asserts that while they did not per se submit an expert report from Phebus, the defendant previously provided plaintiffs with the report from STERIS Foodlabs, which represented Phebus's expert report and subject of any future testimony.[1] Defendant alleges that it believed the plaintiffs understood the STERIS Foodlabs report to be the expert report from Phebus. Also, defendant claims that the plaintiffs have not been unduly prejudiced by the delay because the defendant never sought to hide

---

**1.** Defendant points out that a previous defendant, St. Paul Fire & Marine Insurance ("St. Paul"), produced Phebus's curriculum vitae and the STERIS Foodlabs report to plaintiff on 3 August 2000; subsequently, St. Paul settled with plaintiffs, and this court dismissed St. Paul from this action.

Phebus's opinions or testimony.[2] Moreover, defendant stresses that this case is not scheduled for trial until 10 December 2001; therefore, any unfair prejudice suffered by the plaintiffs by not receiving Phebus's reports can be cured during the next few months. Finally, defendant maintains that Phebus's testimony is essential to its defense and to a material fact in issue.

Rule 37 of the FRCP permits this court to sanction a party for failure to respond to discovery requests. Rule 37(c) provides, in pertinent part,

> A party who without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at trial, ... any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, ... may impose other appropriate sanctions.

*See* Fed.R.Civ.Proc. 37(c)(1). The rule expressly provides that sanctions should not be imposed if substantial justification exists for the failure to disclose, or if the failure to disclose was harmless. Thus, the rule does not leave district courts without discretion. *See generally,* Fed.R.Civ.P. 37(c) advisory committee's note.

■ The Fifth Circuit has provided a four-part test, based on FRCP 37, for determining whether the exclusion of expert testimony is an appropriate sanction. *See Barrett v. Atlantic Richfield Co.,* 95 F.3d 375, 380 (5th Cir.1996); *see also Heidtman v. County of El Paso,* 171 F.3d 1038, 1040 (5th Cir.1999). Under this test, the court will examine four factors: (1) the party's explanation, if any, for failure to comply with the scheduling order; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witness's testimony. *See Barrett,* 95 F.3d at 380.

■ Great American does not dispute that the disclosure of Phebus's expert report was untimely. Rather, defendant asserts that

good cause existed because defendant assumed that plaintiffs knew Phebus's expert reports to be the STERIS Foodlabs report previously submitted by St. Paul Fire & Marine Insurance. While defendant should not have assumed facts related to the expert testimony for Phebus, we find no bad faith on the part of the defendants, only a lack of organization for failing to submit Phebus's complete expert report as mandated by FRCP 26(a)(2). Moreover, at no time did defendants attempt to hide Phebus as an expert witness. Also, because almost three (3) months remain before trial, plaintiffs have time to depose Phebus and prepare for trial, thereby mitigating any real or material prejudice to plaintiffs as a result of defendant's delay in rendering and correctly identifying the expert reports. Plaintiffs, therefore, have more than ample time to prepare rebuttal testimony and argument. Moreover, precluding Great American from offering expert testimony by Phebus would significantly impair their ability to prove their case. Additionally, the noncompliance in this case was limited to this single instance, and all other discovery has proceeded apace and without significant interruption. As a result, preclusion of the Phebus's expert testimony would sanction too greatly Great American's noncompliance with its duty to provide the appropriate expert reports under Rule 26(a)(2) of the FRCP.

## IV. CONCLUSION

Noncompliance with the deadlines outlined in the pretrial orders and FRCP 26(a)(2), however, must result in appropriate sanctions to the offending party if the deadlines are to carry meaning. *See Sierra Club,* 73 F.3d at 573; *Bradley,* 866 F.2d at 126. In the circumstances of this case, other sanctions authorized by Rule 37(c), less drastic than preclusion, appear warranted. Accordingly, plaintiffs' motion to strike the designation of Phebus as an expert witness and corresponding expert testimony is denied. Great American will be directed to reimburse plaintiffs for the reasonable attorney's fees

---

2. Defendant stresses that on numerous occasions, they notified plaintiffs of the subject matter of Phebus's testimony. Also, defendant points

out that plaintiffs previously notified defendant of their plan to depose Phebus; however, the plaintiffs never scheduled the deposition.

actually incurred in connection with this motion.