**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-31236**
**Summary Calendar**

_____

**JANINE RASPANTI,**

**Plaintiff-Appellant,**

**versus**

**LOUIS CALDERA, Secretary, Department of the Army,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Eastern District of Louisiana**
**(00-CV-2379-N)**

_____

March 15, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

Primarily at issue is whether attorney's fees were correctly calculated; and whether prejudgment interest on them should be at the federal interest rate, 28 U.S.C. § 1961, as awarded, instead of the prime rate. Roy Raspanti, former counsel for Appellant Janine Raspanti, moves to intervene in this appeal and to adopt Janine Raspanti's opening and reply briefs. **MOTIONS GRANTED; AFFIRMED IN PART; VACATED IN PART; AND REMANDED.**

---

[1]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

In 1992, Janine Raspanti filed suit under the Rehabilitation Act, 29 U.S.C. § 791, *et seq.*, against the United States Army. The EEOC determined the Army had so discriminated; the Army awarded her back pay, compensatory damages, and reasonable attorney's fees and costs.

Janine Raspanti filed this action in 2000, asserting she was entitled to a higher award of damages, fees, and costs, none of which had then been paid. With the exception of fees, the parties settled.

In the nearly ten years spanned by this litigation, Janine Raspanti has employed four attorneys. She was represented by her brother, Roy Raspanti, until May 1993, then separately represented by two other attorneys (other attorneys) until July 1999. Janine Raspanti then re-hired Roy Raspanti; he represented her in the district court and on appeal, until she terminated his representation last February.[2]

The district court allowed the other attorneys to intervene, and they, along with Janine Raspanti (represented by Roy Raspanti), filed three separate fee motions. Among the awarded fees was approximately $26,000 to Janine Raspanti for the work of Roy Raspanti (and Schwartz).

---

[2]The fourth attorney, Jeffrey A. Schwartz, represented Janine Raspanti as Roy Raspanti's co-counsel when this action was filed in 2000.

With respect to Roy Raspanti, the magistrate judge made itemized deductions for, *inter alia*, the time billed for familiarizing himself with the case upon being re-hired in July 1999. ***Raspanti v. United States Dep't of the Army***, No. 00-CV-2379-N, at 8-24 (E.D. La. 10 Sept. 2001) (***Raspanti-USDC***). The magistrate judge held prejudgment interest on the award was to be at the federal rate. ***Id***. at 24-28.

## II.

Only the fees for Roy Raspanti are at issue. Janine Raspanti contends the court erred in: (1) calculating the amount; and (2) awarding prejudgment interest at the federal, rather than the prime, rate. Her former attorney, Roy Raspanti, seeks to intervene and adopt Janine Raspanti's opening and reply briefs (which he prepared).

## A.

Because he has been recently discharged, Roy Raspanti moves to intervene to protect his interest in fees awarded in excess of those awarded by the district court. For intervention on appeal:

> A party is entitled to an intervention of right if (1) the motion to intervene is timely; (2) the potential intervener asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which [it] seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect [its] interest; and (4) the existing parties do not adequately represent the potential intervener's interest.

3

*Supreme Beef Processors, Inc. v. United States Dep't of Agric.*, 275 F.3d 432, 437 (5th Cir. 2001) (alterations in original; internal quotation marks omitted); *see* FED. R. CIV. P. 24(a).

Roy Raspanti was terminated on 22 February 2002; his motion to intervene was filed five days later. The motion is timely. He asserts an interest in the property that is the subject of this action. Furthermore, Janine Raspanti, now proceeding *pro se*, does not adequately represent his interests as she has no stake in the amount of such fees, and the disposition of this case without his intervention may jeopardize his interest in any fee-increase.

Accordingly, Roy Raspanti's motions to intervene and to adopt Janine Raspanti's briefs are granted.

B.

"Due to the district court's superior knowledge of the facts and the *desire to avoid appellate review of factual matters*, the district court has broad discretion in setting the appropriate award of attorneys' fees." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) (emphasis added). Such an award is reviewed for abuse of discretion, with the underlying factual findings reviewed only for clear error. *Id.*

Reasonable attorney's fees are generally calculated using the lodestar method. *See, e.g., Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). "A lodestar is calculated by

4

multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work." *Id*.

One of the several challenges to the lodestar calculation is that the magistrate judge erred in calculating the 26.6 hour reduction for the time Roy Raspanti spent familiarizing himself with this action. (This is the *only* reversible error.) According to Janine Raspanti: (1) the identified entries equal only 23.6 hours; and (2) the magistrate judge disallowed 1.75 hours from the time billed for 29 July 1999, when only 1.5 hours were billed.

The identified entries, or portions of them, total 23.6, not 26.6, hours.[3] In addition, .25 hours too much were deducted for 29 July. Accordingly, the deduction should have totaled 23.35 hours (revised 23.6 hours less further revision of .25 hours).

We affirm the fees in all other respects and remand for entry of a judgment adjusted for this error, to include being in favor of Roy Raspanti for the portion of the fees attributable to his work.

C.

The Army does not contest prejudgment interest on the award being available under the Rehabilitation Act. *Raspanti-USDC*, at 24-25. On the other hand, Janine Raspanti contests interest based

---

[3]The following deductions were made from Roy Raspanti's time billed in 1999 for familiarization: 7/16 - .75 hours; 7/21 - 1.75 hours; 7/23 - 4.0 hours; 7/24 3.3 hours; 7/25 - 4.3 hours; 7/26 - 1.75 hours; 7/28 - 1.75 hours; 7/29 - 1.75 hours; 7/30 - 4.0 hours; and 8/16 - .25 hours.

on the federal, rather than the prime, rate. She relies on ***Alberti v. Klevenhagen***, 896 F.2d 927, 938 (5th Cir.), *vacated in part on reh'g*, 903 F.2d 352 (5th Cir. 1990), which held, in the context of prejudgment interest on an attorney's fee award pursuant to 42 U.S.C. § 1988: "[T]he appropriate rate of interest to be used in computing a delay in payment adjustment is the cost of borrowing money, the prime rate". Whether use of the prime rate is required is a question of law reviewed *de novo*. *E.g.,* ***Waco Int'l, Inc. v. KHK Scaffolding Houston, Inc.***, 278 F.3d 523, 528 (5th Cir. 2002).

The prime rate is not the only method of calculating prejudgment interest that has been approved by our court. In ***Williams v. Trader Publ'g Co.***, 218 F.3d 481, 488 (5th Cir. 2000), a Title VII action, we stated, with regard to pre- and post-judgment interest, that we have "approved the imposition of the federal rate of interest in Title VII cases as making a plaintiff whole, but [we have not] held that only the federal rate of interest is appropriate for this purpose".

Moreover, ***Williams*** is analogous in that it was a Title VII action; this action arises under the Rehabilitation Act, which expressly incorporates the "'remedies, procedures, and rights' of Title VII". ***Arneson v. Callahan***, 128 F.3d 1243, 1245 (8th Cir. 1997) (quoting 29 U.S.C. § 794a(a)(1)), *cert. denied*, 524 U.S. 926 (1998). ***Williams*** used the federal rate of interest.

6

We have approved of use of other rates in calculating prejudgment interest. *E.g., **In re M/V Nicole Trahan***, 10 F.3d 1190, 1197 (5th Cir. 1994) (affirming award of prejudgment interest at federal rate in admiralty action). Where an action arises under federal law, "it is within the discretion of the district court to select an equitable rate of prejudgment interest". ***Hansen v. Continental Ins. Co.***, 940 F.2d 971, 984 (5th Cir. 1991).

## III.

For the foregoing reasons, the judgment is **AFFIRMED**, *with the exception* of the attorney's fees awarded for Roy Raspanti's work. That portion of the judgment is **VACATED**, and this action is **REMANDED** for entry of judgment consistent with this opinion.

*MOTIONS GRANTED; AFFIRMED IN PART; VACATED IN PART; AND REMANDED*