# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 7, 2010

No. 09-30506
Summary Calendar

Lyle W. Cayce
Clerk

HILDA L SOLIS, SECRETARY, DEPARTMENT OF LABOR,

Plaintiff - Appellee

v.

HOOGLANDS NURSERY, L.L.C.; MICHAEL HOOGLAND,

Defendants - Appellants

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:07-CV-533

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This is an appeal from the district court's order granting summary judgment for Plaintiff on behalf of various employees of Defendants Michael Hoogland and Hooglands Nursery. The district court held that these Defendants violated the overtime and record-keeping provisions of the Fair Labor Standards

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30506

Act ("FLSA").   The district court awarded injunctive relief, compensatory damages, and liquidated damages.[1]  These Defendants appeal the district court's order as it relates to its non-salaried employees, arguing that there were genuine issues of fact regarding whether their day rate plan was invalid under the FLSA and whether they acted in good faith.  After a review of the record, we find no error and AFFIRM.

"We review the district court's grant of summary judgment de novo, using the same standard as the district court." *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 549 (5th Cir. 2009) (citation omitted). "Summary judgment is properly granted only when there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law." *Id.* (citing FED. R. CIV. P. 56(c)).

1.  Appellants first argue that there remained a genuine issue of fact regarding whether their day-rate method of paying their employees met the standards of 29 C.F.R. § 778.112.  However, Appellants concede both before the district court and on appeal that their employees' wages were reduced when the employees worked less than a full day.[2]  Accordingly, Appellants did not have a valid day-rate plan in use, and their failure to pay their employees overtime compensation pay for time worked beyond forty hours per week violated 29 U.S.C. § 207(a)(1).

---

[1] The district court also held that Defendant Fredric Hoogland was not an "employer" under the FLSA and dismissed him as a party.  Appellants do not dispute this holding on appeal.

[2] Appellants argue that they are not responsible for the employees' reduction in pay because the decision to reduce pay was not theirs but that of their bookkeeper.  In addition to ignoring basic agency principles, this argument ignores our holding that an employer remains liable for FLSA violations when the violations were a result of decisions by a lower-level employee even under the higher standard for awarding liquidated damages.  *See, .e.g.*, *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1263 (5th Cir. 1986) (defendant's "attempt to thwart liability based on its asserted ignorance of [lower-level employees'] abuses is legally unavailing").

No. 09-30506

2.  Appellants next concede that they failed to pay their employees for two fifteen-minute breaks per day, in violation of the FLSA. Nevertheless, Appellants argue that their purported overpayment to their employees as part of their day-rate plan compensated for the shortfall, pursuant to 29 C.F.R. § 778.202(a). However, as the district court properly held, Appellants did not employ a valid day-rate plan, because they reduced employees' pay for hours they did not work. Accordingly, the district court properly concluded that Appellants remain liable for the amounts deducted from their employees' compensable break periods.

3.  Finally, Appellants argue that even if they violated the FLSA by not implementing a proper day-rate plan and failed to pay proper overtime compensation, there remained a question of fact as to whether Appellants' failures were in good faith, thus precluding an award of liquidated damages. Liquidated damages are awarded as a matter of course for violations of 29 U.S.C. § 207. *See* 29 U.S.C. § 216(b). Pursuant to 29 U.S.C. § 260, however, a district court may decline to award liquidated damages if the employer demonstrates that it acted reasonably and in good faith. *Heidtman v. County of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999). Nevertheless, even if a defendant shows both subjective good faith and objective reasonableness, an award of liquidated damages remains in the discretion of the district court. *See* § 260; *Heidtman*, 171 F.3d at 1042. After reviewing the record, the district court correctly held that Appellants "ha[ve] submitted no evidence that [their] reliance on a bookkeeper with no managerial authority to ensure [their] compliance with the FLSA was reasonable." Accordingly, Appellants have not carried their burden of showing good faith, and an award liquidated damages was proper.

AFFIRMED.

3