# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

---

No. 98-60558

---

Melissa Lott
Plaintiff-Appellant-Cross-Appellee,

v.

Howard Wilson Chrysler-Plymouth, Inc.,
Defendant-Appellee-Cross-Appellant.

---

Appeals from the United States District Court
for the Southern District of Mississippi

---

February 2, 2000

Before REYNALDO G. GARZA, JONES, and EMILIO M. GARZA, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

## BACKGROUND

On August 19, 1997, Melissa Lott filed suit in the Circuit Court of the First Judicial District of Hinds County, Mississippi, against Howard Wilson Chrysler-Plymouth, Inc. ("Howard Wilson"), seeking overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as amended, for hours worked in excess of the 40 hour regular workweek during her three-year employment as Office Manager at Howard Wilson. On September 29, 1997, Howard Wilson removed this action to the United States District Court for the Southern District of Mississippi and filed a Motion for Summary Judgment, arguing that Ms. Lott was an exempt employee under 29 U.S.C. § 213(a)(1). Howard Wilson asserted that Ms. Lott was, at all times, employed in a bona fide executive, administrative and/or professional capacity, and as such was not entitled to recover overtime under the FLSA. Ms. Lott filed a Cross Motion for Partial Summary Judgment, responding that she did not work at Howard Wilson in a bona fide executive, administrative or professional capacity, and thus was not exempt from the overtime provisions of

the FLSA.

The district court granted Ms. Lott's Cross Motion for Partial Summary Judgment, finding Ms. Lott ineligible for the FLSA's overtime exemptions under 29 U.S.C. § 213 (a)(1) for employees working in a bona fide executive or professional capacity, as defined by the Secretary of Labor at 29 C.F.R. § 541, et. seq. However, the district court granted Howard Wilson's Motion for Summary Judgment, holding that Ms. Lott was employed in an administrative capacity[1] and thus exempt from 29 U.S.C. § 207(a)(1)'s requirement of overtime compensation for employment in excess of 40 hours. The district court thus dismissed Ms. Lott's claims for overtime compensation as a matter of law. This appeal followed.

In July of 1993, Ms. Lott interviewed with Alan Wilson, the owner, President and General Manager of Howard Wilson for a position as the Office Manager at Howard Wilson. Ms. Lott lacked prior work experience in the field of accounting particular to an automobile dealership, yet she graduated from a four-year college with a degree in business administration, obtained a Certified Public Accountancy certificate and worked in the field of auditing and accounting. Ms. Lott notes that, although she was a certified public accountant, the nature of her duties never rose to the level of skill, education and training required for an actual accountant.[2] Alan Wilson hired Ms. Lott as Office Manager on August 1, 1993, with the understanding that she would be required to work on Saturdays and that she would receive an annual salary of $2,500.00/month or $30,000/year, regardless of the hours worked in excess of the typical 40 hour workweek. In addition to benefits provided to all Howard Wilson employees, Ms. Lott also received health insurance, life insurance in an amount equivalent to her annual salary and a fully maintained company vehicle.

As part of her employment, Ms. Lott exercised autonomy and independent judgment. She

---

[1] *Id.*

[2] Ms. Lott observes that neither her predecessor nor her successor were accountants and that Howard Wilson employed a firm of outside accountants to oversee the bookkeeping work performed by Ms. Lott.

had discretion over her work schedule in that her arrival time in the morning, her lunch break in the afternoon, and her departure time in the evening were her choice. She could take an additional fifteen minutes beyond the typical one hour lunch or leave for the day early if, for example she had a doctor's appointment or some other personal reasons, without ever receiving a reduction in salary to compensate for any time missed out of the regular 40-hour workweek. Similarly, Ms. Lott was allowed one full week's vacation, which she could take in whatever intervals and at whatever time she chose to do so depending upon her work schedule.

As Office Manager, Ms. Lott was charged with several responsibilities. These duties included preparing state tax returns, monthly workman's compensation returns, monthly state withholding returns, weekly payroll tax deposits, quarterly payroll tax returns, quarterly tax estimates (state and federal), monthly 401k reports to administrator, updates of employee information relative to processing payrolls, and monthly financial statements. She also prepared monthly bank reconciliations for Chrysler Financial Corp., Deposit Guaranty National Bank, Trustmark National Bank and Union Planters Bank.

Ms. Lott also exercised discretion as supervisor of four other employees who worked with her and had the authority to reprimand the employees, evaluate their job performance and conduct each employee's annual evaluation. Although Ms. Lott, like all other Howard Wilson managers, could not hire new employees, fire existing employees or increase employees' salaries without first obtaining Mr. Wilson's approval, Mr. Wilson, in making decisions, relied on Ms. Lott's suggestions and recommendations as to hiring and firing, as to advancement and promotion, or any other change of status of the employees whom she supervised. Ms. Lott asserts that her role as supervisor was minor and that her work primarily revolved around other duties.

After taking an extended leave from Howard Wilson pursuant to the Family Medical Leave Act, Ms. Lott terminated her employment as Office Manager at Howard Wilson. When she terminated her employment, her annual salary was $44,000.00 per year or $1850.00 bi-weekly. Soon after the end of her employment, Ms. Lott initiated the instant suit for overtime that she

alleges Howard Wilson owes to her under the FLSA.

**ANALYSIS**

A.      Standard of Review

The district court below decided the instant case on cross-motions for summary judgment. Courts of Appeals review summary judgments *de novo*, applying the same standard as the district court. *Duffy v. Leading Edge Prods. Inc.*, 44 F.3d 308, 312 (5th Cir. 1995); Fed.R.Civ.P. 56. This Court reviews the record independently, makes any factual inferences in favor of the nonmovant, and then asks whether the movant is entitled to judgment as a matter of law. *Degan v. Ford Motor Co.*, 869 F.2d 889, 892 (5th Cir. 1989).

The decision whether an employee is exempt from the FLSA's overtime compensation provisions under 29 U.S.C. § 213(a)(1), is primarily a question of fact which must be reviewed under the clearly erroneous standard. *Smith v. City of Jackson, Mississippi*, 954 F.2d 296, 298 (5th Cir. 1992) (citing *Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135, 1137 (5th Cir. 1988) (quoting *Cobb v. Finest Foods, Inc.*, 755 F.2d 1148 (5th Cir. 1985))). However, the ultimate decision whether the employee is exempt from the FLSA's overtime compensation provisions is a questions of law. *Dalheim v. KDFW-TV*, 918 F.2d 1220 (5th Cir. 1990).

B.      Administrative Exemption

The FLSA requires employers to pay overtime compensation to employees who work more than 40 hours per regular workweek. 29 U.S.C. § 207 (Supp. 1995). However, the FLSA excludes from this requirement those employees working in a bona fide executive, administrative or professional capacity. 29 U.S.C. § 213 (a)(1); *Dalheim*, 918 F.2d at 1224; *Copper v. Drexel Chemical Company*, 949 F.Supp. 1275, 1280 (N.D.Miss. 1996). In deciding whether an employee is exempt under 29 U.S.C. § 213 (a)(1), this Court first asserts findings of historical fact, which include such findings as whether the employer controlled the number of hours the employee worked. *Dalheim*, at 1226. Second, this Court must make inferences from the facts in applying the regulations and interpretations promulgated under 29 U.S.C. § 213 (a)(1). Lastly,

the district court must make the ultimate determination of whether an employee was exempt. *Id.*

Under 29 C.F.R. § 541.0, et seq., the Secretary of Labor has defined the terms executive, administrative, and professional, by setting out "long" tests for employees earning more than $155 per week but less than $250 per week, and "short" tests for employees earning more than $250 per week. *Dalheim* at 1224. An administrative employee is an employee whose primary duty consists of office or nonmanual work directly related to management policies or general business operations for the employer or the employer's customers, which includes work requiring the exercise of discretion and independent judgment. 29 C.F.R. §§ 541.2 (e)(2), 541.2 (e)(1).

The exercise of discretion and independent judgment necessitates consideration and evaluation of alternative courses of conduct and taking action or making a decision after the various possibilities have been considered. 29 C.F.R. § 541.207 (a). This exercise of discretion and independent judgment must relate to matters of consequence. 29 C.F.R. § 541.207 (b)-(c)(1). Final decision making authority over matters of consequence is unnecessary. *See Reich v. John Alden Life Ins. Co.*, 126 F.3d 1, 13 (1st Cir. 1997); *see also Dymond v. United States Postal Serv.*, 670 F.2d 93, 96 (8th Cir. 1982).

As a general rule, an employee's "primary duty" involves over 50% of the employee's work time. And yet, flexibility is appropriate when applying this rule, depending on the importance of the managerial duties as compared with other duties, frequency of exercise of discretionary power, freedom from supervision, and comparative wages. *Smith v. City of Jackson*, 954 F.2d 296, 299 (5th Cir. 1992) (citing 29 C.F.R. 541.103).

Ms. Lott's primary responsibilities consisted of office work directly related to the general business operations of Howard Wilson and requiring the exercise of discretion and independent judgment. Ms. Lott was responsible for the preparation of all payrolls, monthly sales tax returns, monthly workers' compensation returns, monthly state withholding returns, quarterly payroll tax returns, quarterly state and federal tax estimates, state unemployment returns, the reconciliation of several bank statements and month-end financial statements. Ms. Lott exercised discretion and

independent judgment with regard to when such returns, reports and other statements were generated. Ms. Lott concedes that she was allowed to exercise discretion with respect to scheduling tasks so as to complete them by a given deadline.

Ms. Lott's duties also included the supervision of four office employees. Plaintiff's supervisory duties included the coordination of the work of the other employees within the office, the discipline of employees, evaluation of the employees' job performance, conducting of employees' annual performance reviews, making recommendations to Mr. Wilson regarding the hiring of new employees and discharge of present employees, as well as supervising the orientation and training of new office employees. These responsibilities constitute "nonmanual work directly related to management policies" of Howard Wilson, which require the exercise of discretion and independent judgment.

Ms. Lott argues that making non-binding recommendations concerning personnel matters, only constituted a minimal part of her duties. However, even assuming that the majority of Ms. Lott's time was not spent on the management of her employees, such a finding does not preclude the determination that Ms. Lott's primary duties consisted of the administration of the general business operations of Howard Wilson, such that the administrative and supervisory duties performed by Ms. Lott were of principal importance to Howard Wilson, as opposed to those collateral tasks which may have taken more than fifty percent of her time. *Spinden v. GS Roofing Products Company, Inc.*, 94 F.3d 421, 427 (8th Cir. 1996) (quoting *Reich v. Wyoming*, 993 F.2d 739, 742 (10th Cir. 1993)).

The mere discretion of when to perform clerical tasks is not the "discretion and independent judgment" contemplated under 29 C.F.R. § 541.1(f). See 29 C.F.R. § 541.207(b)-(c)(1). However, the facts establish that, notwithstanding the amount of time Ms. Lott performed bookkeeping and clerical work, her primary duties directly related to and were important to both Howard Wilson's management policies and its general business operations, and required the exercise of discretion and independent judgment. Therefore, based on the evidence of Ms. Lott's

administrative duties, the district court's ultimate legal conclusion that Ms. Lott qualifies for the administrative exemption was correct.

C.      Executive Exemption

On appeal, Howard Wilson challenges the district court's finding that Ms. Lott does not satisfy the executive exemption to the FSLA's overtime provisions. The short test for the executive exemption, consistently applied by the Fifth Circuit, requires the employer to prove (1) that the employee was compensated on a salary basis of not less than $250 per week, (2) that the employee was primarily responsible for the management of a customarily recognized department or subdivision thereof, and (3) that the employee customarily and regularly directed the work of two more employees, 29 C.F.R. § 541.1(f); *Cooper*, *supra*; *York v. City of Wichita Falls, Texas*, 944 F.2d 236 241-242 (5th Cir. 1991) (*citing Abshire v. County of Kern*, 908 F.2d 483 (9th Cir. 1990), *cert. denied*, 111 S.Ct. 785, 112 L.Ed.2d 848 (1991)); *Dalheim*, 918 F.2d at 1224-1225.

The district court correctly determined that Ms. Lott does not qualify for the executive exemption to the FSLA's overtime provision. The facts indicate that Ms. Lott was compensated on a salary basis and that Howard Wilson did not control the number of hours she worked. However, it is unclear that Ms. Lott's "primary duty" was management of the office. Although Howard Wilson provides evidence of Ms. Lott's administrative and supervisory duties that, when considered together, are sufficient to make her eligible for the administrative exemption, she is not covered by the executive exemption. Howard Wilson has failed to show that Ms. Lott's primary responsibilities were training, supervising, disciplining, and evaluating employees. See § 541.102(b). Even though Ms. Lott customarily and regularly directed the work of two more employees, and exercised substantial supervisory functions, managing employees in the sense contemplated by the statute did not constitute Ms. Lott's prime job duty. Therefore, the district court properly found that the executive exemption does not apply to Ms. Lott.

**CONCLUSION**

Accordingly, we AFFIRM the district court's granting of Ms. Lott's Cross Motion for Partial Summary Judgment to the extent it found Ms. Lott ineligible for the FLSA's overtime exemptions under 29 U.S.C. § 213 (a)(1) for employees working in a bona fide executive capacity, as defined by the Secretary of Labor at 29 C.F.R. § 541, et. seq.   We further AFFIRM the district court's granting of Howard Wilson's Motion for Summary Judgment on the grounds that Ms. Lott was employed in an administrative capacity and thus exempt from 29 U.S.C. § 207(a)(1)'s requirement of overtime compensation for employment in excess of 40 hours.  Ms. Lott's claims are dismissed with prejudice