Dear Mr. Minsky:
This office is in receipt of your request for an opinion of the Attorney General in regard to payment of compensatory time claimed by the Superintendent of the Fifth Louisiana Levee District.
This office has recognized under the Fair Labor Standards Act,29 U.S.C. § 210, that there are certain exemptions to the overtime compensation requirements that are found in 29 U.S.C. § 213. Therein it is provided in part as follows:
 (a) The provisions of section 206 (except subsection (d) in the case of paragraph (1) of this subsection) and section 207 of this title shall not apply with respect to —
 (1) any employee employed in a bona fide executive, administrative, or professional capacity * * *.
The Courts have recognized that the FLSA requires employers to pay overtime compensation to employees who work more than 40 hours per regular work week, but excludes those employees working in a bona fide executive, administrative or professional capacity. In this regard the United States Court of Appeal in Lott v. Howard WilsonChrysler-Plymouth, Inc., 203 F.3d 326 (5th Cir. 2000) observed as follows:
 Under 29 C.F.R. § 541.0, et seq., the Secretary of Labor has defined the terms executive, administrative, and professional, by setting out "long" tests for employees earning more than $155 per week but less than $250 per week, and "short" tests for employees earning more than $250 per week, * * * An administrative employee is an employee whose primary duty consists of office or nonmanual work directly related to management policies or general business operations for the employer or the employer's customers, which includes work requiring the exercise of discretion and independent judgment, 29 C.F.R. § 541.2(e)(2), 541.2(e)(1).
 The exercise of discretion and independent judgment necessitates consideration and evaluation of alternative courses of conduct and taking action or making a decision after the various possibilities have been considered. 29 C.F.R. § 541.207(a). This exercise of discretion and independent judgment must relate to matters of consequence. 29 C.F.R. § 541.207(ba)-(c)(1). Final decision making authority over matters of consequence is not necessary.
The courts have stated that the decision of whether an employee is exempt under the Act is primarily a question of fact regarding the employment history and inferences based on these facts. Jamail,Inc. v. Carpenters Dist. Council, 954 F.2d 299 (5th Cir. 1992).
This office has a policy that it will not seek out the facts nor issue an opinion on questions of fact.
However, with regard to your question we find it pertinent to note that in Atty. Gen. Op. 98-114 this office recognized that the court inKnecht, et al v. Board of Trustees, 591 So.2d 690 (La. 1991) found that an employer may be required to give compensatory time for overtime to an employee who is otherwise exempted from FLSA coverage when the employer has established a policy that allows for compensatory leave. It was observed that the Board's actions lead the plaintiffs to reasonably expect that they would receive paid leave for the hours of overtime pursuant to the leave policy, such an obligation having been implied.
We have set forth certain guidelines recognized by the court, and hope this will be of assistance to you with regard to your question.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr