United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 5, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03 - 20492
SUMMARY CALENDAR

———————————————

ROBERT HOWELL,

                Plaintiff - Appellant,

  v.

FERGUSON ENTERPRISES, INC.,

                Defendant - Appellee.

———————————————————————————————————————————

On Appeal from the United States District Court for the
Southern District of Texas
(H-02-CV-4281)

———————————————————————————————————————————

Before REYNALDO G. GARZA, DAVIS, and BARKSDALE, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

     In this appeal we review the district court's decision to grant Defendant - Appellee's,

Ferguson Enterprises, Inc. (hereinafter, "Ferguson"), motion for summary judgement on Plaintiff -

Appellant's, Robert Howell (hereinafter, "Howell"), complaint seeking compensation for overtime

pursuant to the Fair Labor Standards Act (hereinafter, "FLSA").  For the following reasons, we

———————————————

     [1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

affirm the district court's decision.

I.

PROCEDURAL AND FACTUAL BACKGROUND

At issue in this case is whether Howell was an exempt employee as defined by FLSA overtime pay requirements. Howell claims he was an inside salesman, covered by the FLSA, but Ferguson alleges that Howell was employed in a supervisory position which is exempt from the FLSA requirements.

Ferguson is a wholesale distributor and supplier of plumbing supplies. Howell was hired by Ferguson particularly to manage the Gilbert Plumbing Company, Inc. (hereinafter, "Gilbert") account, which is one of Ferguson's largest accounts.

Howell's duties, according to the job description provided by Ferguson and Howell's admissions in his deposition testimony, were to manage material being delivered to Gilbert; ascertain what materials Gilbert needed; quote prices for the material; exercise discretion over prices and give discounts; purchase special material for Gilbert that was not stocked by Ferguson; and handle disputes with Gilbert. Howell's annual salary was $48,000, which was $20,000 more than the salaries paid to Ferguson's inside salesmen.

After conducting a hearing on Ferguson's summary judgment motion, the district court found that Howell was an exempt employee and dismissed his claim against Ferguson. Howell timely appealed.

II.

DISCOVERY

Howell first argues on appeal that the district court failed to grant full and complete

-2-

discovery, and that, consequently, he lacked sufficient evidence to oppose Ferguson's motion for summary judgment. We review this claim for abuse of discretion. *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994).

The nonmoving party on a motion for summary judgment who needs more time to obtain discovery may request a continuance pursuant to FED. R. CIV. P. 56(f). *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266 (5th Cir. 1991). According to Rule 56(f), a party seeking additional time to conduct discovery must 1) request extended discovery prior to the court's ruling on summary judgment; 2) place the court on notice that further discovery is being sought; and 3) demonstrate to the court with reasonable specificity how the requested discovery pertains to the pending motion. *Enplanar*, 11 F.3d at 1291.

Rule 56 does not generally require any discovery prior to a grant of summary judgment, and thus, if a party cannot adequately defend such a motion without further discovery, Rule 56(f) is the proper remedy. *Potter v. Delta Airlines, Inc.*, 98 F.3d 881, 887 (5th Cir. 1996).

The district court permitted limited discovery in this case. Two depositions were taken and Howell received documents that he requested from Ferguson. Howell requested and was granted additional time to respond to Ferguson's motion for summary judgment. The district court then held a hearing on the motion. Howell did not, however, request additional discovery pursuant to Rule 56(f). Thus, Howell's claim that he lacked adequate time for discovery is foreclosed. *Id.*

### III.

### SUMMARY JUDGMENT STANDARD

We review the district court's grant of summary judgment de novo. *Haley v. Townley*, 45

F.3d 914, 917 (5th Cir. 1995).  Summary judgment is appropriate when, considering all of the

allegations and evidence, and drawing all inferences in the light most favorable to the nonmoving

party, there is no genuine issue of material fact and the moving party is entitled to judgment as a

matter of law.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

IV.

EXEMPT EMPLOYEE UNDER THE FAIR LABOR STANDARDS ACT

The ultimate determination of whether an FLSA exemption applies is a question of law.

*Lott v. Howard Wilson Chrysler-Plymouth, Inc.*, 203 F.3d 326, 330 (5th Cir. 2000).  While the

FLSA generally requires employers to pay overtime to employees who work more than 40 hours

per week, the statute exempts from the provision employees who are "employed in a bona fide

executive, administrative or professional capacity."  29 U.S.C. §§ 207(a)(1), 213(a)(1).  An

exempt employee is one whose primary duty consists of office work directly related to

management policies or general business operations for the employer or the employer's

customers, including work requiring the exercise of discretion and independent judgment.  *Lott*,

203 F.3d at 331 (citing 29 C.F.R. §§ 541.2(e)(2), 541.2(e)(1)). An employee's primary duty will

usually be what the employee does that is of principal value to the employer.  *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1227 (5th Cir. 1990).

Howell was engaged in duties directly related to Ferguson's business operations and in the

operations of Ferguson's principal customer, Gilbert.  Howell's primary duty was to service the

Gilbert account, and he testified that he spent 80 or 90 percent of his time doing so.  Howell's

administrative duties included receiving purchase orders from Gilbert, negotiating with Gilbert,

managing and promoting sales to Gilbert, and offering Gilbert discretionary discounts on

-4-

Ferguson products.  As there is no genuine issue of material fact, we uphold the district court's

decision granting Ferguson's motion for summary judgment.

V.

CONCLUSION

For the foregoing reasons, we affirm the district court's decision.