

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-20-2006

# O'Bryant v. Reading

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4259

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"O'Bryant v. Reading" (2006). *2006 Decisions.* Paper 723.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/723

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-4259

———

DIANA RIVERA O'BRYANT,

Appellant

v.

CITY OF READING; JOSEPH EPPIHIMER; JEFFREY WHITE; NAN BALMER;
JESUS PENA; ERIC GALOSI; TAMMY KIPP,

Appellees.

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cv-06635)
District Judge: The Honorable James K. Gardner

———

Submitted Under Third Circuit L.A.R. 34.1(a)
June 8, 2006

Before: AMBRO, FUENTES, and NYGAARD, Circuit Judges.

(Filed:   July 20, 2006)

———

OPINION OF THE COURT

———

FUENTES, Circuit Judge.

Diana Rivera O'Bryant filed two claims under 42 U.S.C. § 1983 against her employer, the City of Reading, Pennsylvania (the "City"), alleging that she was deprived of her right to equal protection under the law and that she was subject to retaliation because she exercised her First Amendment right of free speech. Pursuant to the Fair Labor Standards Act (the "FLSA"), O'Bryant also alleged that the City was obligated to compensate her with overtime pay for the hours she worked in excess of forty hours per week. After the close of discovery, the District Court granted the defendants' motion for summary judgment on all claims. Because O'Bryant argued only the FLSA claim in her opening brief on appeal, she has waived this Court's review of her other claims. As to her claim under the FLSA, the District Court concluded that O'Bryant was an administrative employee exempt from the FLSA and therefore not required to be compensated with overtime pay. For the reasons that follow, we affirm the District Court's grant of summary judgment on this issue.

## I. Background

O'Bryant was hired in September 1998 by the City as a part-time Fair Housing Intake Specialist at a position that paid $14.00 per hour. In that capacity, she performed intake functions related to complaints of alleged housing discrimination. In December 1998, O'Bryant's position was expanded to full-time, and as of January 1, 1999, she was no longer paid by the hour, earning instead a salary of $26,244 per year.

In December 2001, the City offered O'Bryant the position of Human Relations

Commission Administrator. In the offer letter to O'Bryant, the City indicated that this was a management position. The job description stated that the Human Relations Commission Administrator was responsible for "administration, management and intake functions related to the implementation and enforcement of the City's Human Relations Ordinance." O'Bryant's salary was increased to $32,000 per year, and her duties performed in this position included preparing an annual budget for the Commission, preparing grant applications and reports, approving purchases and bill payments, maintaining Commission case files, and providing intake services to individuals interested in filing a complaint of discrimination with the Commission. In this position, O'Bryant also produced and hosted a local television show, developed and created informational materials to disseminate to the public, supervised other Commission staff, screened all housing discrimination complaints, interviewed complainants, determined whether a complaint should be filed, and initiated and filed these complaints. In 2003, O'Bryant's salary as the Human Relations Commission Administrator rose to $32,960 per year.

O'Byrant asserts that, when the evidence is viewed in her favor as the nonmoving party, the District Court's conclusion that she was an exempt administrative employee from the FLSA is insufficiently supported by the facts. She notes that, as an affirmative defense, the City's assertion of exemption must be found by the court to be so clear "that no rational jury could find to the contrary." EEOC v. Del. Dep't of Health and Soc. Servs., 865 F2d 1408, 1414 (3d Cir. 1989). O'Bryant argues that the City failed to meet this standard. She avers that the District Court did not correctly weigh her sworn

3

statements in granting summary judgment, but rather viewed them as mere contentions.

Our review of the District Court's grant of summary judgment is plenary and we therefore apply the same standard as the District Court.  Orsatti v. New Jersey State Police, 71 F.3d 480, 482 (3d Cir. 1995).  In order to affirm, we must find that there is no genuine issue of material fact when viewed in the light most favorable to the nonmoving party.  Id.[1]

## II.  Discussion

It is well settled that the failure by an appellant to raise or argue issues in his opening brief constitutes a waiver of those issues on appeal.  U.S. v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005).  The only claim O'Bryant raised in her opening brief was her FLSA overtime compensation claim.  Therefore, even to the extent that O'Bryant tried to redress these issues in her reply brief, her failure to sufficiently identify them in her opening brief constitutes a waiver of those issues.  See U.S. Vazquez, 271F.3d 93, 107 (3d Cir. 2001).

As to the one remaining issue, the FLSA claim, 29 U.S.C. § 201 provides that employers are required to pay overtime compensation to employees who work in excess of forty hours per workweek.  However, 29 U.S.C. § 213(a)(1) states that any person employed in a bona fide executive, administrative, or professional capacity is exempt

---

[1]The District Court exercised jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  As this is an appeal from a final decision of the District Court, we have jurisdiction pursuant to 28 U.S.C. § 1291.

from this mandatory overtime compensation provision.

To be categorized as an administrative employee for this purpose, the work of the employee must satisfy the criteria set forth in 29 C.F.R. § 541.200. First, the employee must be compensated on a salary basis. Second, the primary duties conducted by the employee must qualify as "administrative" and the employee must exercise independent judgment and discretion in the performance of her duties. 29 C.F.R. § 541.200.

It is undisputed by the parties that O'Bryant satisfies the salary basis test. She was paid a predetermined amount without regard to the number of days or hours worked. See 29 C.F.R. § 541.602. As to the administrative nature of the employee's primary duties, the employee's activities must be directly related to assisting with the operation of the business of the employer, as distinguished from, for example, working on a manufacturing production line or selling a product in a retail or service establishment. 29 C.F.R. § 541.201. An employee's primary duty is defined as work that involves over 50% of the employees work time. Reich v. Gateway Press, Inc., 13 F. 3d 685, 699 (3d Cir. 1994). However, this standard is flexible, depending on the importance of the administrative duties conducted, the frequency of use of discretionary power, the freedom from supervision, and comparative wages. See e.g. Guthrie v. Lady Jane Collieries, 722 F.2d 1141, 1144 (3d Cir. 1983) (concluding "a sufficient presence of pertinent factors" was enough to find managerial duties as the employee's primary duties even though they were performed less than 50% of the work time); Lott v. Howard Wilson Chrysler Plymouth, 203 F.3d 326, 331 (5th Cir. 2000) ("As a general rule, an employee's "primary

5

duty" involves over 50% of the employee's work time. And yet, flexibility is appropriate when applying this rule.")

O'Bryant contends that because she stated in her Declaration that her duties consisted primarily of implementing the City's Human Relations Ordinance and HUD programs, as well as providing intake services--all of which she conducted without deviating from the provisions of the City's Ordinance or the HUD programs--her work cannot be considered directly related to the management or general business of the City. We disagree.

The record demonstrates that O'Bryant's primary duties were administrative in relation to the City due to the significant functions that she and the Commission played in its general operation. The enforcement, administration and management of actions surrounding the Human Relations Ordinance were directly and integrally related to the general management and operation of the City as a whole. Furthermore, 29 C.F.R. § 541.201(a) provides that administrative employment includes "work in functional areas such as. . .accounting, budgeting. . .personnel management, human resources. . .public relations, government relations. . .legal and regulatory compliance and, and similar activities." O'Bryant's position as Human Relations Commission Administrator entailed similar activities as primary duties, and she herself has sworn to performing such functions in her deposition.

In addition to O'Bryant's work being considered administrative in nature, in order for the defendants to prevail, there must also be no disputed material facts relating to

6

whether she exercised discretion and independent judgment in the course of her employment. Employment that involves 'discretion and independent judgment' can be described by such factors as,

> whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business. . .and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

29 C.F.R. § 541.202(b). The exercise of discretion and independent judgment does not require that the decision have finality and complete absence of review. 29 C.F.R.§ 541.202(c). It could take the form of a recommendation or a decision that was revised at a higher level and still for this purpose, be considered an independent decision made within her discretion. Id.

O'Bryant stated at her deposition that educational programs are a major component of the position of Human Relations Commission Administrator. As a part of this element of her job, she produced and hosted a TV show and created brochures and other informational materials in which she decided what issues were of the most relevance. Additionally, she stated that she assessed and reviewed all the complaints that came into the Commission and decided who should be interviewed regarding these complaints. These actions are clear examples of the exercise of independent judgment and discretion in the course of her employment duties.

Nevertheless, O'Bryant states in a post-deposition Declaration that she spent over

7

40% of her time typing, filing or performing intake services and that she did little but implement the City's present housing policies in the course of her employment. She contends that the statements made in this Declaration oppose a finding that she exercised discretion and independent judgment and therefore the District Court improperly granted summary judgment. Again, we disagree.

It is well established that a party may not create a material issue of fact to defeat summary judgment by filing an affidavit disputing her previously own sworn testimony without demonstrating a plausible explanation for the conflict. Baer v. Chase, 392 F.3d 609 (3d Cir. 2004). Therefore, any discrepancies between O'Bryant's deposition and her later Declaration cannot be viewed as an impediment to summary judgment unless they can plausibly be explained away, which O'Bryant failed to do.

Taking the statements made in her deposition into account, the record establishes that, notwithstanding the time O'Bryant might have spent on clerical activities, her primary duties were directly related, and significant, to the general business and operation of the City. These duties often required the exercise of discretion and independent judgment. Therefore, we find that O'Bryant satisfies the criteria of 29 CFR § 541.200 and we conclude that she is an administrative employee exempt from the FLSA. Accordingly, we affirm the District Court's grant of the defendants' motion of summary judgment on this issue.

8