IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2008

Charles R. Fulbruge III
Clerk

No. 08-10321
Summary Calendar

MONICA YVETTE MCKEE

Plaintiff – Appellant

V.

CBF CORPORATION

Defendant – Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-1629-G

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Before the court is an appeal by Plaintiff Monica Yvette McKee of the district court's entry of summary judgment in favor of Defendant CBF Corporation. For the reasons stated below, the judgment of the district court is AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. BACKGROUND

Defendant CBF operates nightclubs in Dallas and the surrounding area. Plaintiff McKee served as a "secretary and assistant" to CBF's management team. CBF employed McKee for approximately sixteen years, paying McKee a weekly salary of $750. Following her termination from CBF, McKee filed this lawsuit under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), seeking overtime compensation for which CBF allegedly failed to properly compensate her. CBF asserts that McKee is an exempt administrative employee not subject to the overtime requirements of the FLSA. CBF also asserts that McKee and CBF were not engaged in interstate commerce, a requirement for FLSA coverage.

McKee also brought a claim under the common law of Texas for wrongful discharge. McKee maintains that CBF requested that she sign false documents in violation of the Immigration and Nationality Act ("INA") and the Immigration Reform and Control Act ("IRCA"). McKee refused to sign the documents and reported the incident to CBF's in-house counsel. McKee alleges that CBF retaliated for her refusal to sign the documents by terminating her employment. CBF contends that McKee quit her job after a dispute with her supervisor over a matter wholly unrelated to her alleged refusal to sign a false document.

The district court granted summary judgment on McKee's claims under the FLSA because (1) McKee was an exempt administrative employee; and (2) McKee was not engaged in "interstate commerce" as required by the FLSA. The district court granted summary judgment on McKee's common law wrongful discharge claim because there was no evidence that McKee was terminated solely for failing to comply with CBF's request to sign the documents McKee contends were false.

## II.  ANALYSIS

A.  Standard of Review

This court reviews a district court's grant of summary judgment de novo. Hodges v. Delta Airlines, Inc., 44 F.3d 334, 335 (5th Cir. 1995) (en banc). "Summary judgment is appropriate [if the summary judgment evidence shows] 'that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  Mello v. Sara Lee Corp., 431 F.3d 440, 443 (5th Cir. 2005) (quoting FED. R. CIV. PROC. 56).  "[W]e 'review the evidence and inferences to be drawn therefrom in the light most favorable to the non-moving party.'" FDIC v. Laguarta, 939 F.2d 1231, 1236 (5th Cir. 1991) (quoting Baton Rouge Bldg. & Constr. Council AFL-CIO v. Jacobs Constructors Inc., 804 F.2d 879, 881 (5th Cir. 1986)).

If the moving party will bear the burden of persuasion at trial, that party must support its motion with credible evidence that would entitle it to a directed verdict if not controverted at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 331 (1986).  If the burden of proof at trial lies with the nonmoving party, the movant may either (1) submit credible evidence that negates the existence of some material element of the opponent's claim or defense, or (2) demonstrate that the evidence in the record insufficiently supports an essential element or claim.  Id. If the moving party meets its initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial."  Warfield v. Byron, 436 F.3d 551, 557 (5th Cir. 2006).  "The nonmoving party, however, 'cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'"  Id. (quoting Freeman v. Tex. Dep't of Crim. Justice, 369 F.3d 854, 860 (5th Cir. 2004)).

## B. Violation of the FLSA

The FLSA requires employers to pay overtime compensation to employees who work more than forty hours per regular workweek. 29 U.S.C. § 207(a)(1) (2004). Exempt from the FLSA, however, are individuals "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1) (2004). "The decision whether an employee is exempt from the FLSA's overtime compensation provisions under 29 U.S.C. § 213(a)(1), is primarily a question of fact . . . . However, the ultimate decision whether the employee is exempt from the FLSA's overtime compensation provisions is a question of law." Lott v. Howard Wilson Chrysler-Plymouth, Inc., 203 F.3d 326, 330-31 (5th Cir. 2000).

The employer has the burden to prove that an employee is exempt under the FLSA, and that exemption is construed narrowly against the employer. Tyler v. Union Oil Co. of Cal., 304 F.3d 379, 402 (5th Cir. 2002) (citing Dalheim v. KDFW-TV, 918 F.2d 1220, 1224 (5th Cir. 1990)). "A job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part." 29 C.F.R. § 541.2 (2004). The salary and duties of a person employed in a bona fide administrative capacity under the FLSA are:

> (1) Compensated on a salary or fee basis at a rate of not less than $455 per week . . . ;
>
> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
>
> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200(a) (2004). The parties agree that McKee satisfies the first two requirements. The only issue on appeal is whether McKee exercised discretion and independent judgment.

The Department of Labor has identified several factors that courts should consider to determine whether an employee exercises discretion and independent judgment. See 29 C.F.R. § 541.202(b) (2006). In addition, the Department of Labor has provided guidance concerning a number of specific situations relevant to the present case. "An employee who leads a team of other employees assigned to complete major projects for the employer . . . generally meets the duties requirements for the administrative exception, even if the employee does not have direct supervisory responsibility over the other employees on the team." 29 C.F.R. § 541.203(c). "An executive assistant or administrative assistant to a business owner or senior executive of a large business generally meets the duties requirements for the administrative exemption if such employee, without specific instructions or prescribed procedures, has been delegated authority regarding matters of significance." 29 C.F.R. § 541.203(d). "Purchasing agents with authority to bind the company on significant purchases generally meet the duties requirements for the administrative exemption even if they must consult with top management officials when making a purchase commitment for raw materials in excess of the contemplated plant needs." 29 C.F.R. § 541.203(f) (2006).

CBF contends that McKee's job title was "property manager." McKee denies being a manager, and for purposes of summary judgment, we assume that McKee is correct. But McKee's job title does not establish whether or not she was exempt from the overtime requirements of the FLSA. 29 C.F.R. § 541.2. Rather, the relevant inquiry is this: did McKee's primary job duty include the exercise of discretion and independent judgment with respect to matters of significance? 29 C.F.R. § 541.200(a)(3). Viewing the evidence in the light most favorable to McKee, we conclude that it did.

CBF offered undisputed evidence establishing that McKee was charged with ensuring that CBF's venues were properly maintained, an issue of great

significance to CBF. She supervised five maintenance employees and was responsible for approving their schedules and vacation time.[1] She screened potential employees and provided recommendations to McKee's supervisors.[2] Individual club managers gave McKee a list of issues to be addressed on a daily basis. McKee was then responsible for deciding which tasks would be handled by outside contractors and tasking her employees to individual assignments. McKee was also responsible for ordering beer and liquor, binding CBF and CBF's clients to more than $500,000 in transactions each year. She was one of seven CBF employees with unrestricted access to CBF's corporate offices and its various clubs.

In Lott, this court held that an employee with duties similar to McKee's exercised independent discretion and judgment. 203 F.3d at 332. Like McKee, "Ms. Lott . . . exercised discretion as supervisor of four other employees who worked with her." Id. at 330. "Although Ms. Lott, like all other managers, could not hire new employees, fire existing employees or increase employees' salaries without first obtaining [her supervisor's] approval, [her supervisor], in making decisions, relied on Ms. Lott's suggestions and recommendations." Id. McKee makes no attempt to distinguish the present case from Lott.

---

[1] McKee's supervisor, Kim Brown, stated in her affidavit McKee supervised at least seven other employees in the telemarketing department. McKee stated in her affidavit that she was not the supervisor of the "telemarketing girls." McKee, however, did not deny that she approved telemarketing employees' schedules and vacation time and established telemarketing policies and procedures, as was stated in Brown's affidavit. The failure to deny these particular job duties is telling because McKee denied several other specific statements concerning the telemarketing department made in Brown's affidavit. Because we conclude that McKee was an exempt employee without regard to her duties concerning the telemarketing department, we need not decide the extent to which McKee has raised questions of fact concerning those duties.

[2] McKee stated in her affidavit that she often was not asked her opinion concerning applicants for telemarketing jobs, but she does not deny that she screened applicants for the maintenance positions she supervised, as was stated in Kim Brown's affidavit. In addition, Mckee admits that she was requested to give her opinion concerning some telemarketing applicants.

By way of contrast, the present case is easily distinguished from Wirtz v. C & P Shoe Corp., 336 F.2d 21 (5th Cir. 1964), and Heidtman v. County of El Paso, 171 F.3d 1038 (5th Cir. 1999), the two cases principally relied on by McKee. In Wirtz, this court held that two warehouse managers did not qualify for the executive exemption to the FLSA. 336 F.2d at 27-28. Central to the court's analysis was the fact that the two plaintiffs performed essentially the same work as the employees they supervised in the defendant's warehouse. Id. at 28. In the present case, McKee's job was to assign maintenance tasks to other employees under her supervision. There is no evidence that she was required to perform similar work herself.

In Heidtman, this court held that employees with the principal duty of initiating sales contacts were not exempt from FLSA coverage. 171 F.3d at 1042. The employees in Heidtman did not have any supervisory duties. Id. Rather, most of their time was spent "simply compiling names of prospects to complete their databases, calling prospects in these databases, and sending them brochures." Id. The defendants in Heidtman were unable to point to any specific instance in which any of their employees exercised discretion or independent judgment. Id. at 1041. In the present case, McKee supervised at least five employees and CBF has identified several specific instances when McKee exercised discretion and independent judgment.

McKee insists that she was merely a conduit between upper level managers and lower employees. That some of McKee's decisions were subject to review does not mean she exercised no discretion. This court has held that "decision[s] made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action." Cheatham v. Allstate Ins. Co., 465 F.3d 578, 585 (5th Cir. 2006) (citations omitted); see also 29 C.F.R. § 541.202(c) (2006) ("employees can exercise discretion and independent judgment even if their decisions or

recommendations are reviewed at a higher level"). Affidavits of employees supervised by McKee identified several instances that required McKee to exercise discretion and independent judgment. McKee asserts that the statements contained in affidavits of employees she supervised are untrue, but she only denies one specific example relating to a raise given to an employee under her supervision.[3] Her assertion that several affidavits of employees she supervised contain untrue statements, without anything more, is merely a conclusory denial that does not create a question of material fact. See Warfield, 436 F.3d at 557.

In addition, nothing in the record suggests that the district court applied the incorrect standard in deciding the motion for summary judgment. In its Memorandum Opinion and Order, the district court stated that it viewed the evidence in the light most favorable to McKee and then outlined the undisputed evidence in the record. Having identified the undisputed historical facts, the ultimate decision of whether the McKee was exempt from the FLSA's overtime compensation provisions was a question of law. See Lott, 203 F.3d at 331.

The district court correctly held that McKee was an exempt employee. Because we hold that McKee was an exempt employee under the FLSA, we need not decide whether she was engaged in interstate commerce while performing her job duties or whether CBF was an enterprise that was engaged in interstate commerce.

---

[3] McKee also asserts that the district court should have stricken several statements contained in affidavits by CBF employees that McKee was a "manager" or a "supervisor" because she asserts that those statements were conclusory. McKee did not identify the allegedly conclusory statements in her motion filed with the district court. The statements she has identified on appeal describe McKee's job duties and contain specific examples of how McKee performed those duties. The district court did not abuse its discretion by considering the affidavits. See Smith v. Liberty Life Ins. Co., 535 F.3d 308, 314 (5th Cir. 2008) ("We review the district court's admission of evidence in support of a motion for summary judgment for abuse of discretion.").

## C. Wrongful Discharge

McKee maintains that she was fired for refusing to participate in illegal activity under federal law. In Texas, the employment-at-will doctrine recognizes the right of an employer to terminate at will and without cause the employment of any individual who is employed for an indefinite term. E. Line & Red River R.R. Co. v. Scott, 10 S.W. 99, 102 (Tex. 1888). The single exception under Texas common law, articulated in Sabine Pilot Serv., Inc. v. Hauck, 687 S.W.2d 733 (Tex. 1985), provides than an employer may not terminate an employee if the sole reason for the discharge is that the employee refused to perform an illegal act. Id. at 735.

Even if it is assumed arguendo that CBF did ask McKee to sign employee documentation in violation of the INA and the IRCA, McKee has not demonstrated that her refusal was the sole reason for her discharge. Rather, McKee admits in her affidavit that "[m]y termination by Dario came about because he throught [sic] I had made a decision myself not to follow instructions given [to] me by the company's general contractor" concerning work to be performed by a subcontractor. In her brief to this court, McKee states that "the very reason Dorio [sic] Ferdows flew into such a rage and terminated her was because he thought (erroneously) that she had exercised discretion and made a decision about the scheduling of a crew." Thus, McKee admits that her termination was the result of an incident entirely unrelated to her refusal to sign any documents in violation of the INA and the IRCA. There is no evidence to support McKee's subjective belief that she was terminated solely for refusing to perform an illegal act.[4]

## III. CONCLUSION

For the reasons stated, the judgment of the district court is AFFIRMED.

---

[4] For this reason, the discovery issues raised by McKee on appeal are not pertinent.