# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10476
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 2, 2020

Lyle W. Cayce
Clerk

SEAN OWENS,

　　　　Plaintiff-Appellant

v.

NEOVIA LOGISTICS, L.L.C.,

　　　　Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-1719

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

　　Sean Owens appeals the district court's grant of summary judgment to the defendant in this Fair Labor Standards Act (FLSA) suit. He argues that certain exhibits should not have been considered and that he does not qualify as an exempt administrative employee for FLSA purposes. Finding no reversible error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10476

This court reviews the grant of a motion for summary judgment de novo. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009). Summary judgment "shall" be entered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When reviewing a ruling on a motion for summary judgment, this court views all facts and evidence in the light most favorable to the nonmoving party. *Xtreme Lashes, LLC*, 576 F.3d at 226.

The FLSA provides that a covered employee shall be paid overtime compensation for every hour worked in excess of forty hours in a week, but administrative employees are exempt from this provision. 29 U.S.C. §§ 207(a)(1), 213(a)(1); *Belt v. EmCare, Inc.*, 444 F.3d 403, 407 (5th Cir. 2006). One qualifies as an administrative employee if, inter alia, his main task involves both (1) "the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers" and (2) "the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a)(2)–(3).

The defendant bears the burden of persuasion as to whether its employee meets the criteria for the administrative exemption. The "ultimate decision whether an employee is exempt from the FLSA's overtime compensation provisions is a question of law" that is reviewed de novo. *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 584 (5th Cir. 2006) (internal quotation marks and citation omitted). Additionally, FLSA exemptions must be read fairly and should not be narrowly construed against the employer. *Faludi v. U.S. Shale Solutions*, L.L.C., 950 F.3d 269, 273 (5th Cir. 2020) (citing *Encino Motorcars, L.L.C. v. Navarro*, 138 S. Ct. 1134, 1142 (2018)).

No. 19-10476

When considering Owens's claims, the magistrate judge, whose report and recommendation was adopted by the district court, applied undisputed facts established by the summary judgment evidence to the pertinent law.  The court granted Neovia's motion for summary judgment and accordingly denied that filed by Owens. Owens's pro se briefing in this court fails to create a genuine issue of material fact challenging the district court's conclusion that Owens qualifies as an administrative employee.

Neovia's business is providing logistics services to clients, helping them to achieve cost savings through increased efficiency and productivity in their facilities. Owens was employed for about two years as a Continuous Improvement Supervisor.  With a bachelors' degree and two decades experience in the field as required job qualifications, his duties were to lead workshops; travel to client facilities; analyze clients' operations and report on how to improve them.

Concerning the first part of the test,  Owens argues that his job consisted primarily of manual labor in a warehouse, but the record citations he provides show only his physical locations and do not undermine the district court's conclusions that his primary task was non-manual work related to Neovia's management or general business operations and that he was able to exercise discretion while performing this task.  Indeed, Owens explained his "primary duty was to be a trainer and assist facilities with becoming NOS compliant." Moreover, "[p]erforming some manual work does not automatically remove an employee from exempt status so long as the manual work is 'directly and closely related to the work requiring the exercise of discretion and independent judgment.'" *Renfro v. Ind. Mich. Power Co.*, 370 F.3d 512, 519 (6th Cir. 2004) (quoting 29 C.F.R. § 541.203(b)).  The manual work that Owens performed was for the purpose of inquiring how a facility worked and then advising the client

how it could improve.  Accordingly, the district court fairly categorized that work as "collateral to his primary duty of making the facility more efficient." *See Dalheim v. KDFW-TV*, 918 F.2d 1220, 1227 (5th Cir. 1990).

The district court next correctly concluded that Owens exercised discretion and independent judgment.  The exercise of discretion involves comparing possible courses of conduct and deciding how to proceed after weighing the options.  29 C.F.R. § 541.202(a).  The exercise of discretion and judgment need not be final, decision-making authority.  *Lott v. Howard Wilson Chrysler-Plymouth, Inc.*, 203 F.3d 326, 331 (5th Cir. 2000).  The district relied heavily on Owens's own affidavit, in addition to other portions of the record, in concluding that Owens exercised discretion when performing his primary duty of "improving operations and processes."

Owens's primary arguments against the district court's conclusion are that the court relied on unspecified falsehoods, that the court should not have considered the declarations of Neovia employees Maria Olson and Tim Wilson, and that questions asked during his deposition were designed to prove the defendant's case.  As each allegation is highly conclusory, they are unpersuasive.  Because Owens does not identify precisely the allegedly false statements or provide record evidence rebutting them, these assertions have no value.  *Carnaby v. City of Hous.*, 636 F.3d 183, 187 (5th Cir. 2011) (noting that conclusional allegations do not qualify as evidence in summary judgment proceedings).  Among other things, Owens contends that Olson's declaration falsely asserts that "she worked in [Owens's] role," but the record shows that Olson did not say that she held the same position as Owens.  Finally, although he objects to how they were used, Owens does not dispute the statements he made under oath in his deposition, which were cited by the district court in denying relief.  The deposition is competent summary judgment evidence, and

4

the district court did not err by considering it. *See Nola Spice Designs, LLC v. Haydel Enters., Inc.*,783 F.3d 527, 536 (5th Cir. 2015) (noting that depositions are competent summary judgment evidence).

To the extent Olson continues to seek sanctions against the Appellee, his arguments are meritless and the motion is denied.

**AFFIRMED**.